ZENITH ELECTRONICS CORP., PLAINTIFF v. UNITED STATES, DEFENDANT

Consolidated Court No. 90-07-00339

(Dated March 15, 1995)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson* and *Larry Hampel)* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington* and *Mary T. Staley)* for plaintiff-intervenors Independent Radionic Workers of America, the International Brotherhood of Electrical Workers, the International Union of Electronic, Electrical, Technical, Salaried and Machine Workers (AFL-CIO) and the Industrial Union Department (AFL-CIO).

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Priya Alagiri,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. (Sukhan Kim, Warren E. Connelly, P.C.* and *Margaret L.H. Png)* for defendant-intervenors Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

## OPINION

RESTANI, *Judge:* This matter is before the court following a remand determination. Remand herein was ordered in *Zenith Elecs. Corp. v. United States,* Slip Op. 94–148 (Sept. 21, 1994).

The issues raised by plaintiffs, relating to a cap on the adjustment to U.S. price for VAT and belated correction of clerical errors, have been resolved against plaintiff. *See Zenith Elecs. Corp. v. United States,* Slip Op. 95–38 (Mar. 13, 1995).

As to Samsung's objection to treatment of warranty expenses, Commerce misperceived the court's direction. With regard to the labor component of warranty expenses for this product in these factual circumstances, the court considers this a settled issue. It finds insufficient reason to create an inconsistency in the applicable jurisprudence. Thus, *AOC Int'l, Inc. v. United States,* 13 CIT 716, 721 F. Supp. 314 (1989), which has not been factually distinguished, is to be applied.[1] Furthermore, Commerce has not offered a reason that is compatible with *AOC* for treating other components of the warranty expenses as indirect expenses. While such reasons may exist, it is time to bring these proceedings to a conclusion. Accordingly, in this case warranty expenses are to be treated as direct expenses for purposes of the circumstances of sales adjustment. Commerce is permitted thirty days to complete the remand.

---

[1] In connection with a forwarding expense adjustment in a related review the court suggested that Commerce reconsider its entire direct versus indirect expenses test. The result of the reconsideration is inconsistent with AOC's reasoning as to warranty expenses. The court did not intend to permit Commerce to reject *AOC* in resolving the warranty expense issue here.